Richardson, J.
I concur in ordering a new trial, for the reasons stated in the decision of the court, by Judge Frost. But cannot acquiesce in the rejection of the creditors, as incompetent witnesses against the defendant. The defendant was confined under the Prison Bounds Act. The assignment to be made, was for the payment of Clerry exclusively. The creditors had no interest in augmenting, but rather an interest in keeping back, the estate of Spears, to meet their own demands. They had as little interest, either in degrading the character of Spears, by convicting him of a fraud, or in procuring his permanent imprisonment. Neither of these consequences could increase the probability of the creditors being themselves paid. On the contrary, his loss of character and imprisonment, diminished their prospects of payment not a little.
*692 In civilized society, creditors have a considerable fund for payment, in the good name and unfettered industry of their debtors, and, of course, to prevent their imprisonment; and no interest in unjust punishment whatever. The creditors were, therefore, called to swear, not for, but against, their interest. The best practical illustration, is in the analogy of the Prison Bounds Act to the Bankrupt Laws. In either, the object is to discharge the applicant. But in such systems, a creditor is a competent witness, in general. See title “ Evidence” — “ Bankruptcy” — Stephens’s N. P. 755. A fortiori, then, in such a case as the present, and until an exception is proved. But the decision assumes the converse. It must be always borne in mind, as the principle of our judgment in such cases, that the evidence cannot fix a title to any disputed property in the debtor. It does not take the property from another claimant. It is ex parte as to all persons but the plaintiff and defendant; and merely goes to charge fraud or concealment against the defendant, for which he is to be punished personally, by the letter of the Act. The rejection, therefore, of the creditors, has no legal ground known in the laws of evidence.
Wardlaw, J. concurred.